# Exhibit C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 25-00701-FMO |
| Plaintiff, | ) | |
| v. | ) | **CASE MANAGEMENT ORDER AND ORDER RE: DISCLOSURE OBLIGATIONS** |
| ASHLEIGH BROWN, | ) | |
| Defendant. | ) | |

**Please read this Order carefully. It governs this case and differs in some respects from the Local Criminal Rules.** All parties shall comply with the deadlines and requirements set forth in this Order, the Federal Rules of Criminal Procedure, and the Local Criminal Rules of this District. The last two pages of this Order set forth the court's deadlines. When applicable directly or by analogy, the Local Civil Rules shall govern this case. See Local Criminal Rule 57-1. Accordingly, to effectuate the speedy and orderly administration of justice, the court **orders** as follows.

I. DISCLOSURE OBLIGATIONS RE: BRADY V. MARYLAND, 373 U.S. 83, 83 S.CT. 1194 (1963) AND RULE 5(f) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), and all applicable decisions interpreting Brady, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of defendant, including, but not limited to,

EXHIBIT C - Page 1 of 12

exculpatory evidence.

The government shall produce to defendant in a timely manner all information or evidence known to the government that is: (1) relevant to defendant's guilt or punishment; and/or (2) favorable to defendant on the issue of guilt or punishment. Pursuant to Rule 5(f), this Order does not relieve any party of any other discovery obligation. The consequences for violating either this Order or the government's obligations under Brady include, but are not limited to: the exclusion of evidence, an adverse jury instruction, a finding of contempt, referral to a disciplinary authority, and/or and dismissal of the charges.

II. DISCOVERY.

A. Generally.

These discovery procedures are set forth to expedite the transfer of discoverable material between the parties and to ensure that pretrial discovery motions are filed **only** when these discovery procedures have failed to result in the timely exchange of all discoverable material. Notwithstanding any other rule, all applications for search warrants related to the instant prosecution shall be brought before this court instead of the Magistrate Judge. No such applications may be sought or filed after the discovery cutoff set forth below without leave of court.

The parties must provide discovery in accordance with Fed. R. Crim. P. 16.

B. Government's Initial Disclosure.

No later than the date set forth below, the government shall:

1. Make available for inspection and copying all materials set forth in Fed. R. Crim. P. 16(a) in its possession, custody, or control, or which may become known to the government through due diligence;

2. Make available for inspection and copying any electronic eavesdrop, wiretap, or any other interception of defendant's wire or oral communications as defined by 18 U.S.C. § 2510, et seq., the authorization for and information gathered from a tracking device, GPS locator, pen register, trap and trace, or any other video or audio recording used during the course of the investigation;

3. Make available for inspection and copying all search warrants and supporting

affidavits which were issued or utilized during the investigation and/or course of the case;

4. Inform defendant whether any physical evidence intended to be used by the government was seized by the government pursuant to any exception to the warrant requirement;

5. Make available for inspection and copying all photographs used in any line-up, show-up, or photo spread, and identify any other identification technique and the results thereof; and

6. Advise defendant of evidence that is favorable to defendant and material to defendant's guilt or punishment pursuant to Brady, 373 U.S. 83, 83 S.Ct. 1194, and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972).

C. Government's Supplemental Disclosure.

No later than the date set forth below, the government shall provide defendant:

1. The information required by United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991) (holding that "the government has a duty to examine [the] personnel files" of testifying law enforcement officers and disclose any material information found therein);

2. All evidence of other crimes, wrongs, or acts which the government intends to offer under Fed. R. Evid. 404(b), in sufficient detail that the court may rule on the admissibility of the proffered evidence if challenged; and

3. A list of convictions the government intends to offer under Fed. R. Evid. 609, so that the court may rule on their admissibility if challenged.

D. Defendant's Disclosure.

No later than the date set forth below, defendant shall make available for inspection or copying all materials set forth in Fed. R. Crim. P. 16(b) within defendant's possession, custody, or control that defendant intends to use in defendant's case-in-chief.

E. Continuing Duty to Disclose.

If at any time either party identifies or obtains additional evidence not previously disclosed that is subject to discovery or inspection under this Order, Fed. R. Crim. P. 16, or any other governing law, that party shall **forthwith** disclose it to the other party.

3

EXHIBIT C - Page 3 of 12

F.  Discovery Cutoff.

The discovery deadlines established in this Order are firm. If either party fails to comply with the discovery deadlines set by this Order, the court will impose sanctions in accordance with Fed. R. Crim. P. 16(d)(2) and/or 28 U.S.C. § 1927. The parties should not assume that a continuance of the pretrial conference and/or trial date means that the discovery deadlines have been continued. Absent a request supported by good cause, the court will not continue any of the discovery deadlines. The discovery cutoff does not affect the government's continuing duty to disclose; that is, the government must continue to promptly disclose any relevant, discoverable evidence to which defendant is entitled even if the evidence is first identified or obtained after the discovery cutoff.

Unless the evidence is favorable to the defendant, **the government will not be permitted to introduce any evidence that is produced subsequent to the discovery cutoff**, unless the attorney for the government provides a declaration, under penalty of perjury, that explains: (1) when the evidence was first identified or obtained; (2) why such evidence was not available before the discovery cutoff; and (3) whether the newly acquired evidence supplements discovery previously identified and produced to defendant before the discovery cutoff.

G.  Motions to Compel.

If either party fails to comply with their discovery obligations, or if either party requests discovery or inspection beyond that provided for by this Order, the parties shall meet and confer in person or by telephone and attempt to resolve the dispute without involving the court. All motions to compel shall include a certification stating:

1. That counsel have met and conferred in person or by telephone to discuss the subject matter of the motion, and have been unable to reach agreement;

2. The date and time when the meet-and-confer took place; and

3. The names of the attorneys and parties who were in attendance.

Any motion to compel, which must be filed by the deadline set forth below, that does not include the required certification may be summarily denied.

III. PRETRIAL DOCUMENTS.

    A. <u>Pretrial Motions</u>.

All pretrial motions, including motions to suppress and motions <u>in limine</u>, must comply with the word count limit imposed by Local Civil Rule 11-6.1. For each pretrial motion, the opposing party is required to file a response brief in opposition or a notice of non-opposition in accordance with the timing rules set forth in this subsection. If the opposing party files a response brief in opposition to the motion, the moving party shall file a reply brief in accordance with the timing rules set forth in this subsection.

All pretrial motions must set a hearing date in accordance with Local Civil Rule 6-1, except that if a pretrial motion is filed within 28 calendar days of the pretrial conference, the hearing date set in the motion should be the date of the pretrial conference. All opposing and reply papers must be filed in accordance with the timing rules set forth in Local Civil Rules 7-9 & 7-10, except where a pretrial motion is filed within 28 calendar days of the pretrial conference. In that case, opposing papers must be filed not later than seven (7) calendar days after the pretrial motion is filed, and reply papers must be filed not later than seven (7) calendar days after opposing papers are filed, except in no circumstance may reply papers be filed later than four (4) days before the pretrial conference. The latest possible dates on which parties may file pretrial motions or related briefing are set forth below.

Any challenge to expert testimony pursuant to <u>Daubert v. Merrell Dow Pharm.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be filed in the form of a motion <u>in limine</u>.

    B. <u>Pretrial Exhibit Stipulation</u>.

The parties shall meet and confer in person or by telephone to discuss the admissibility of the government's trial exhibits. No later than the date set forth below, the parties shall submit a Pretrial Exhibit Stipulation containing the government's numbered list of trial exhibits, with defense objections, if any, to each exhibit, including the basis of the objection and the government's brief response. Each objection must include the grounds for the objection (<u>e.g.</u>, a Federal Rule of Evidence) and an explanation as to why the disputed exhibit is not admissible. **Do not submit**

1 | **blanket or boilerplate objections**. These will be disregarded and overruled.

2 |     **The parties shall stipulate to the authenticity and foundation of exhibits whenever possible.** The Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to so stipulate.

    The Pretrial Exhibit Stipulation must be substantially in the following form:

<u>**Pretrial Exhibit Stipulation**</u>

| <u>Exhibit No.</u> | <u>Description</u> | <u>Stipulation[1]</u> | <u>Objection</u> | <u>Response to Objection</u> |

    C.    <u>Proposed Jury Instructions</u>.

    The parties shall meet and confer in person or by telephone to discuss the proposed jury instructions. The proposed jury instructions must be filed no later than the date set forth below, and must conform to the following requirements:

    1.   **Selection and Modification of Proposed Instructions**.

    If the Ninth Circuit's <u>Manual of Model Criminal Jury Instructions</u> provides an applicable jury instruction, the parties shall use the most recent version of that instruction. If there is no applicable Ninth Circuit model jury instruction, the parties should consult the current edition of O'Malley, <u>et</u> <u>al</u>., <u>Federal Jury Practice and Instructions</u> ("O'Malley"). If neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties should consult the model jury instructions published by other Circuit Courts of Appeal.

    The parties shall modify the instructions to fit the facts of the case, <u>i.e.</u>, where language appears in brackets in the model instruction, the parties shall select and insert appropriate text. **The parties shall not, however, modify or supplement an instruction's statement of applicable law** unless absolutely necessary and strongly supported by controlling case law or other persuasive authority. Each requested instruction must also: (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested

---

[1] This column shall indicate whether defendant objects to the exhibit, agrees to admission for its substance, or agrees to admission for identification purposes only.

| | |
|---|---|
| 1 | instruction. |
| 2 | 2. **Joint Proposed Jury Instructions**. |
| 3 | The parties shall file a set of joint proposed jury instructions on which both parties agree. |
| 4 | The court expects the parties to agree on the substantial majority of jury instructions, particularly |
| 5 | when the model instructions provide a statement of applicable law. |
| 6 | 3. **Disputed Proposed Jury Instructions**. |
| 7 | The parties shall separately file a set of disputed proposed jury instructions containing all |
| 8 | instructions proposed by one party to which another party objects. On a separate page following |
| 9 | each disputed instruction, the party opposing the instruction shall briefly state: (a) the basis for |
| 10 | the objection; (b) any authority in support thereof; and (c) if applicable, an alternative instruction. |
| 11 | On the following page, the party proposing the disputed instruction shall briefly state: (a) its |
| 12 | response to the objection; and (b) any authority in support of the instruction. |
| 13 | 4. **Index**. |
| 14 | For both the Joint and Disputed Proposed Jury Instructions, the parties must provide an |
| 15 | index that includes: (a) the number of the instruction; (b) the title of the instruction; (c) the source |
| 16 | of the instruction and any relevant case citations; and (d) the page number of the instruction. The |
| 17 | index must be substantially in the following form: |

### Index of [Joint/Disputed] Jury Instructions

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instruction No. 6.2 (2022 ed.) | 5 |

| | |
|---|---|
| 22 | D. <u>Proposed Verdict Form</u>. |
| 23 | The parties shall meet and confer in person or by telephone to discuss the Proposed |
| 24 | Verdict Form. No later than the date set forth below, the parties shall file a Joint Proposed Verdict |
| 25 | Form on which both parties agree. If the parties are unable to reach agreement, each party shall |
| 26 | file its own Proposed Verdict Form along with a brief explanation, not to exceed one page, |
| 27 | addressing the dispute. |
| 28 | E. <u>Joint Statement of the Case</u>. |

No later than the date set forth below, the parties shall jointly file an objective, non-argumentative statement of the case, which the court will read to all prospective jurors at the beginning of voir dire. The statement should not exceed one page.

F. Voir Dire.

The court will conduct voir dire. Each party may, but need not, file its own set of Proposed Voir Dire Questions no later than the date set forth below.

G. Government's Trial Memorandum.

No later than the date set forth below, the government shall file a Trial Memorandum addressing, at minimum: (1) a factual summary of the government's case, including any stipulations between the parties; (2) a statement of the charged offenses and the elements of each charge; (3) an estimate of the length of the government's case-in-chief, including anticipated cross-examination; (4) the names of witnesses the government intends to call; (5) a discussion of relevant legal and evidentiary issues as applied to the facts of the case; and (6) the current status of the case, including any pending motions or other issues to be resolved before trial.

IV. TRIAL REQUIREMENTS.

A. Government's Documents and Exhibits.

On the morning of the first day of trial, the government shall provide the following documents to the Courtroom Deputy Clerk ("CRD"): (1) three copies of the government's witness list, in the order in which the witnesses are expected to testify; (2) three copies of the Pretrial Exhibit Stipulation; and (3) three identical three-ring binders containing all exhibits to be admitted (not including those to be used for impeachment purposes only), with tabs and official exhibit tags bearing the same number as shown on the Pretrial Exhibit Stipulation.

B. Defendant's Documents and Exhibits.

On the morning of the first day of trial, defendant shall provide the CRD with: (1) three copies of the defense exhibit list; and (2) in trials where defendant expects to admit 20 exhibits or more, two identical three-ring binders (one for the court and one for the witnesses) containing all exhibits to be admitted, with tabs and official exhibit tags. If defendant expects to admit fewer than 20 exhibits, the court prefers that defendant deliver one copy of each exhibit to the CRD on the

first day of trial, but defendant is not required to do so if the exhibit has not been previously provided to the government, in which case defendant shall provide a copy of each exhibit to the CRD upon its admission during trial.

V.  OTHER MATTERS.

   A.  <u>Mandatory Chambers Copies</u>.

The parties must submit paper chambers copies of all documents filed in the case. The parties shall deliver chambers copies to the Clerk's Office, 4th Floor by 12:00 p.m. on the day after filing. The court will not rule on stipulations or <u>ex parte</u> applications until chambers copies have been received.

   B.  <u>Under Seal Documents</u>.

The parties shall comply with the Local Criminal Rules, the instructions posted on the court's website at the "Judges' Procedures and Schedules" link, and the PDF attachment entitled "FMO CR Under Seal Procedures.pdf" on the court's website with respect to all filings under seal.

   C.  <u>Trial Continuances</u>.

The government and the court share responsibility for enforcement of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, <u>et seq</u>. <u>See</u> <u>United States v. Perez-Reveles</u>, 715 F.2d 1348, 1353 (9th Cir. 1983) ("[T]he monitoring of the limitations period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement."). The court expects the government to monitor the "speedy trial clock," and ensure that any continuance sought by either party does not violate the limitations period set forth by the STA.

If either party seeks a continuance, that party shall file a motion or stipulation for a continuance setting forth, at minimum: (1) a detailed explanation of the grounds for continuance; (2) the range of dates to be excluded from the STA's time limitations; and (3) the statutory basis for exclusion under 18 U.S.C. § 3161(h). If defendant seeks, or consents to, a continuance, the motion or stipulation must contain: (1) a statement that defendant understands and waives the right to a speedy trial established by 18 U.S.C. § 3161; and (2) the signatures of defendant and defense counsel.

   D.  <u>Bail Review and Modification</u>.

If defendant seeks a bail review due to changed circumstances or information not previously presented to the Magistrate Judge, defendant must present the request for bail review to the Magistrate Judge, and inform the government and Pretrial Services of the request.

Any request by defendant for a modification of release conditions, e.g., to permit travel, must be presented to the Magistrate Judge who set the release conditions for which modification is sought. If the undersigned set the release conditions, then any request for a modification of conditions must: (1) be supported by a showing of good cause; (2) be made only after consultation with both Pretrial Services and the government; (3) contain a statement of the positions of both Pretrial Services and the government; and (4) be served on both Pretrial Services and the government.

Any party that seeks review of a Magistrate Judge's bail or detention decision must provide a transcript of the proceeding the party wants the court to review. The court will not review or listen to recordings of any proceedings. Without a transcript, the court will not – unless the parties agree – consider or rely on any findings made by the Magistrate Judge.

E. <u>Sentencing</u>

The court does not following the timing requirements set forth in Federal Rule of Criminal Procedure 32(f)(1). Any objections to the presentence report must be raised in the parties' sentencing briefs – not in a separate submission – in accordance with the briefing schedule set by the court.

VI. COMPLIANCE WITH THIS ORDER AND APPLICABLE RULES.

All parties are required to be familiar with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the Local Rules of the Central District of California, and the court's standing orders. Failure by any party or attorney to comply with the requirements of this Order or any applicable rule may result in the imposition of sanctions.

/ / /

/ / /

/ / /

United States v. Ashleigh Brown
Case No. CR 25-00701-FMO

**CASE DEADLINES**[2]

1. No later than **14 calendar days** after the issuance of this Order, the government shall produce its initial disclosure to defendant.

2. The discovery cutoff date shall be **September 26, 2025.** Both sides shall produce all remaining discovery relating to evidence each side intends to use at trial during its case-in-chief. In addition, the government shall produce its supplemental disclosures no later than the discovery cutoff. Unless the evidence is favorable to defendant, the government will not be permitted to introduce any evidence at trial that is produced subsequent to the discovery cutoff, unless the attorney for the government provides a declaration, under penalty of perjury, that explains: (1) when the evidence was first identified or obtained; (2) why such evidence was not available before the discovery cutoff; and (3) whether the newly acquired evidence supplements discovery previously identified and produced to defendant before the discovery cutoff.

The government shall disclose all experts in compliance with Fed. R. Crim. P. 16(a)(1)(G) no later than **21 calendar days** before the discovery cutoff. Defendant shall disclose his or her expert no later than **ten (10) calendar days** before the discovery cutoff. All discovery motions, including those challenging the sufficiency of the government's expert disclosures, shall be filed no later than the **discovery cutoff**, and noticed for hearing at the pretrial conference. Oppositions, if any, to any discovery motion shall be filed no later than **seven (7) calendar days** after the filing of the discovery motion. All reply briefs, if any, shall be filed no later than **seven (7) calendar days** after the filing of the opposition, except in no circumstance may reply papers be filed later than **four (4) calendar days** before the pretrial conference.

3. No later than **14 calendar days** before the pretrial conference, the parties shall file: (A) all pretrial motions, including motions to suppress, and motions in limine; (B) the Joint Proposed

---

[2] With the exception of the discovery deadlines, all the deadlines set forth in this Order shall be deemed continued upon the court granting a continuance of the pretrial conference and/or trial dates.

11

EXHIBIT C - Page 11 of 12

Jury Instructions; (C) if necessary, the Disputed Proposed Jury Instructions; and (D) the Proposed Verdict Forms.  The parties shall also submit copies of all jury instructions and verdict forms via e-mail to the court's chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in Word or WordPerfect format.

    4.  No later than **14 calendar days** before the pretrial conference,  the government shall file its Pretrial Exhibit Stipulation.

    5.  No later than **7 calendar days** before the pretrial conference, the parties shall file:  (A) response briefs in opposition to pretrial motions; (B) the Joint Statement of the Case; and (C) the Proposed Voir Dire Questions.

    6.  No later than **7 calendar days** before the pretrial conference, the government shall file its Trial Memorandum and lead counsel for the government shall file, under penalty of perjury, a declaration pursuant to Rule 5(f) that:  (1) states whether the government has produced all evidence that is relevant to defendant's guilt or punishment; (2) states whether the government has produced all evidence that is favorable to defendant on the issue of guilt or punishment; (3) describes in detail the efforts made by the government to obtain and produce the required Rule 5(f) and <u>Brady</u> information; and (4) states whether there is any evidence the government has not produced and the legal basis for withholding such evidence.

    7.  No later than **4 calendar days** before the pretrial conference, the parties shall file reply briefs in support of pretrial motions.

    8.  A pretrial conference is scheduled for **October 10, 2025,** at **2:00 p.m.**  Unless otherwise ordered, hearings on all pending pretrial motions will be held at the same time as the pretrial conference.

    9.  The trial is scheduled to begin on **October 21, 2025,** at **9:00 a.m.**  On the first day of trial, counsel must appear at 8:30 a.m. to discuss preliminary matters with the court.

Dated this 8th day of September, 2025.

                                                 /s/
                                    Fernando M. Olguin
                                 United States District Judge