# Exhibit D

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** <br> *Federal Public Defender* <br> **AMY M. KARLIN** <br> *Chief Deputy* <br> **C. PAMELA GÓMEZ** <br> *Capital Habeas Chief* <br> **LISA LABARRE** <br> *Los Angeles Trial Chief* | **KELLEY MUNOZ** <br> *Santa Ana Branch Chief* <br> **ANGELA C.C. VIRAMONTES** <br> *Riverside Branch Chief* <br> **MARGARET A. FARRAND** <br> *Appeals Chief* <br> **JONATHAN C. AMINOFF** <br> *Non-Capital Habeas Chief* <br> **NEHA CHRISTERNA** <br> *Collaborative Courts Chief* <br> <br> Direct Dial: (213) 894-4787 |

September 11, 2025

Lauren E. Border
Assistant United States Attorney
312 North Spring Street, Suite 1200
Los Angeles, CA 90012
Lauren.Border@usdoj.gov
**Via E-mail**

      Re:    **United States v. Ashleigh Brown, 25-CR-00701-FMO**
                  **Follow-Up Discovery Request**

Dear Ms. Border:

      At this time, the government has produced: one social media video, one surveillance video from Roybal, one document with my client's criminal history (showing none), and a victim statement that does not reference my client.

      I previously requested discovery on August 14, 2025. Without limiting any previous discovery requests, I am also requesting the following categories of discovery:

1. All videos and pictures of Ms. Brown <u>inside and outside</u> the federal buildings relevant to this incident, including but not limited to the surveillance video footage and publicly available footage referred to the Complaint at paragraph 4. I also request that all such videos and pictures be preserved, if that was not already being done.

2. The full name of the complaining witness, Federal Protective Services ("FPS")

September 11, 2025
Page 2

    Officer Z.C., as well as the names of the four other FPS officers present at the incident and referred to in the Complaint (Compl. ¶ 4).

3. All communications, including but not limited to text messages and emails, by any officer, agent, or other government official, relating to this incident. This request also includes any social media posts, if any. For example, if the complaining witness, FPS Officer Z.C. wrote any messages in text group chats, Microsoft Teams chats, or e-mail threads about this incident, please produce copies of those communications. I also request that all such communications should be preserved, if that was not already being done.

4. Information about complaining witness FPS Officer Z.C.'s role within FPS including, but not limited to:

    a. His official job title (the Information and Complaint refer to him only as an "officer");
    b. The location of the office he is typically assigned to work at;
    c. His daily job duties;
    d. Information about what trainings he has received on use of force.

5. Please produce a copy of the current FPS employee manual.

6. It is our understanding that many FPS employees from around the country were called to travel to Los Angeles and assist local FPS officers while these protests occurred. Please produce any memorandum, correspondence (such as a letter or email), manual, or similar communication regarding:

    a. The roles/duties of these traveling agents;
    b. Guidance, instructions, or directives for deployment, role, use of force, or similar topics;
    c. We also request all communications relating to the protests, including deployment communications, provided specifically to complaining witness Officer Z.C. For example, how did Z.C. know to work the "Alameda Street Entrance" (Compl. ¶ 4) outside the Roybal federal building on August 2, 2025? How did he know when/where to arrive? How did he know what his expected role and duties were?

7. Any records of statements made by Officer Z.C. about the incident and/or his injury, including, but not limited, to any handwritten or typed interview notes, memorandum, report, or audio or video recording of any interview with this officer or any other person relating to this incident.

8. Any documents that qualify as *Jencks* and *Henthorne* materials. I am making this request early in the case because of late disclosure of these materials in other similar

September 11, 2025
Page 3

      cases.

9. All communications, including but not limited to text messages and emails, regarding the charging decisions in this case.

      This is a continuing discovery request.  Thank you in advance for your prompt response and for your continuing cooperation in providing discovery.  Please do not hesitate to call me if you have any questions.

      Sincerely,

      */s/ Erica Choi*

      Erica Choi
      Deputy Federal Public Defender